UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

JASON LEE SCHUTT, )
 )
    Plaintiff, )
 ) Case No. 4:22-CV-27
v. )
 ) Judge Atchley
STATE OF TENNESSEE, ) Magistrate Judge Lee
LINCOLN COUNTY, TENNESSEE, )
CITY OF FAYETTEVILLE, and )
FOREST A. DURAD, JR., )
 )
    Defendants. )

## MEMORANDUM AND ORDER

Plaintiff, a prisoner proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983 [Doc. 2], and a motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, Plaintiff's motion will be granted, and this action will be dismissed for failure to state a claim upon which relief may be granted and as against a Defendant who is immune.

**I.    MOTION TO PROCEED *IN FORMA PAUPERIS***

Under the Prison Litigation Reform Act of 1995, a prisoner who files a complaint in a district court must tender the full filing fee or he must file (1) an application to proceed in forma pauperis without prepayment of fees and (2) a certified copy of his inmate trust account for the previous six-month period (or institutional equivalent). 28 U.S.C. § 1915(a)(2). "When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." In re Prison Litig. Reform Act, 105 F.3d 1131, 1131 (6th Cir. 1997); see 28 U.S.C. § 1915(b)(1) ("Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full filing fee.").

According to the motion to proceed *in forma pauperis* and supporting documents [Docs. 1 and 5], Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, Plaintiff's motion to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743 as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING OF COMPLAINT

### A. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by

the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

Formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts are to liberally construe pro se pleadings filed in civil rights cases and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**B.      Allegations of Complaint**

On August 3, 2021, Plaintiff, a prisoner in the custody of the Tennessee Department of Correction, was "held hostage for 1 hour until [his] family paid a lawyer in the courtroom" to represent Plaintiff [Doc. 2 p. 5-6]. Alleging a violation of his Sixth Amendment rights, Plaintiff seeks recompense for the $4,000 paid to his attorney, as well as financial compensation for the

3

"agony and suffering" caused by the incident [*Id*. at 6]. Plaintiff contends that his attorney "did nothing" and that Plaintiff must now remain incarcerated for over nine years [*Id*.].

    C.    **Analysis**

        1.    **Insufficient Allegations**

While Plaintiff's allegations are not a model of completeness, it appears that he is complaining that he appeared in court on criminal charges, was forced to compensate his attorney, and was ultimately convicted of the criminal charges and sentenced to prison. The Court cannot ascertain how Plaintiff's detention on criminal charges (which Plaintiff does not challenge) equates to being held hostage, nor can the Court infer that Plaintiff's constitutional rights were violated when he, having ostensibly not sought indigency and the appointment of counsel, was required to compensate his counsel. That is, Plaintiff's "unadorned[] the-defendant-unlawfully-harmed-me" accusations are insufficient to impose liability against any named Defendant. *Iqbal*, 556 U.S. at 678. As Plaintiff has presented no facts from which the Court could find a constitutional claim plausible, and this action should be dismissed. *See, e.g., Twombly*, 550 U.S. at 570 (holding speculative allegations fail to state a claim).

Additionally, to the extent that Plaintiff seeks monetary damages because he was convicted of a criminal charge and sentenced to prison, the Court notes that Plaintiff cannot obtain monetary damages in a § 1983 action based on the fact of his incarceration without first demonstrating that his conviction and/or sentence has been reversed or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding plaintiff must demonstrate unlawfulness of his conviction or confinement prior to pursue § 1983 suit challenging criminal judgment). Plaintiff has not demonstrated that his criminal judgment has been reversed or invalidated. Therefore, any claim for damages based on the fact of Plaintiff's current incarceration must be dismissed. *See Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646 (6th Cir. Oct. 23, 2003) (affirming district court

judgment that *Heck*-barred claim fails to state a claim and is frivolous).

## 2. Improper Defendants

The Court otherwise notes that Plaintiff has named as Defendants the State of Tennessee; Lincoln County, Tennessee; the City of Fayetteville; and Judge Forest A. Durad, Jr. [Doc. 2 p. 3-4]. However, Tennessee is not a "person" within the meaning of § 1983, and therefore, it is not amenable to suit. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) ("[A] State is not a person within the meaning of § 1983."). Additionally, the Eleventh Amendment prohibits suits against a state or its agencies in federal court for damages, unless Congress has abrogated its immunity, or the state has expressly waived it. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-101 (1984); *Quern v. Jordan*, 440 U.S. 332, 345 (1979). This immunity extends to claims for injunctive and equitable relief. *See Lawson v. Shelby Cnty.*, 211 F.3d 331, 335 (6th Cir. 2000) ("[T]he [Eleventh] Amendment prohibits suits against a 'state' in federal court whether for injunctive, declaratory[,] or monetary relief."). The State of Tennessee has not waived its immunity to suit under § 1983. *Berndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) (noting that Tennessee has not waived immunity to suits under § 1983). Therefore, the State of Tennessee will be dismissed.

Lincoln County and the City of Fayetteville are amenable to suit under § 1983, but not under a theory of *respondeat superior*; that is, neither may be sued "'*solely* because it employs a tortfeasor.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 388-89 (6th Cir. 2014) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Rather, "a municipality is liable under § 1983 only where, 'through its deliberate conduct,' it was 'the "moving force" behind the injury alleged.'" *Id*. (citation omitted). Accordingly, a municipality may be liable only if the plaintiff identifies an "illegal policy or custom" that caused a violation of the plaintiff's constitutional rights. *See Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). Plaintiff has not alleged that

5

any policy or custom of Lincoln County and/or the City of Fayetteville caused a violation of his constitutional rights, and these municipal Defendants will be dismissed.

Finally, Plaintiff cannot maintain suit against his trial judge for any actions taken against Plaintiff during the course of his criminal proceedings, as judges have absolute judicial immunity from suit for actions taken in a judicial capacity. *See, e.g., Stump v. Sparkman*, 435 U.S. 349, 351-64 (1978). Presiding over criminal proceedings — including the appointment of counsel and governing the timeliness of proceedings — are functions inherent to the judicial role, and therefore, Judge Forest A. Durad, Jr., is immune from suit and will be dismissed. *See Forrester v. White*, 484 U.S. 219, 227 (1988) (noting "immunity is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches") (emphasis in original).

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983 and has sought relief against an immune Defendant. Therefore, it will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED.**

                                             */s/ Charles E. Atchley, Jr.*
                                             **CHARLES E. ATCHLEY JR.**
                                             **UNITED STATES DISTRICT JUDGE**